UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,  )<br>Plaintiff,  )<br>v.  )<br>AUXIER DRYWALL, LLC<br>    a/k/a Auxier Drywall<br>    a/k/a Auxier Drywall & Painting,  )<br>Defendant.  ) | Civil Action No. 07-1879 (ESH) |

**MEMORANDUM OPINION**

Before the Court is plaintiff's motion for entry of default judgment. This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant was served with the complaint on November 29, 2007, and has failed to answer or otherwise defend this action. The Clerk of Court entered default on January 18, 2008. Pursuant to the Court's January 18, 2008 Order ordering plaintiff to move for entry of judgment, plaintiff has moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For default

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(D).

judgment, defendant must be considered a "totally unresponsive" party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000) (citing *Jackson*, 636 F.2d at 836).  Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied. *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2) and section 10.12 of plaintiff's Industry Pension Plan, the Court shall award plaintiff: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate. The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiff filed the declaration of Thomas C. Montemore, Assistant to the Fund Administrator of the International Painters and Allied Trades Union and Industry Pension Fund (the "Fund"), in support of the motion for default judgment. Based on this declaration and the exhibits to plaintiff's motion, the Court finds that plaintiff has established damages in the amount

of $5,687.02 in contributions to the Fund for work performed during the period February 2007 through November 2007 pursuant to 29 U.S.C. § 1132(g)(2)(A); $157.35 in interest on those unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B); and $1,137.40 for liquidated damages assessed on unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii).  The Court further finds that plaintiff is entitled to $13.51 in late charges for late payments made from November 2006 through December 2006 pursuant to 29 U.S.C. § 1132(g)(2)(E).

Plaintiff has also requested attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and has filed the declaration of Dawn M. Costa, plaintiff's counsel and an associate with the law firm of Jennings Sigmond, P.C., in support of this request.  The Costa declaration states that plaintiff's counsel has accrued $3,762.00 in legal fees and costs of $350.00 for the filing fee.  Accordingly, the Court finds that plaintiff is entitled to attorney's fees and costs in the total amount of $4,112.00.

In addition, pursuant to 29 U.S.C. § 1132(g)(2)(E), the Court may award plaintiff equitable relief as appropriate.  Plaintiff requests that defendant (1) file complete, proper and timely remittance reports with accompanying pension contributions for all periods for which defendant is obligated to do so under its collective bargaining agreement(s); (2) file all outstanding remittance reports, including but not limited to reports for the period June 2007 through November 2007; and (3) provide access to its payroll books and related records as necessary for plaintiff to audit defendant's contributions for all relevant periods, including those covered by this judgment.  Because plaintiff's request reiterates defendant's contractual obligations, and the reports and access to defendant's records are necessary to ensure defendant's compliance with its contractual obligations, the Court believes such relief is appropriate.

Therefore, pursuant to 29 U.S.C. § 1132(g)(2), judgment will be entered for plaintiff in the amount of $11,107.28. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Court will order defendant to produce remittance reports with appropriate contributions and make available its records for audit purposes.

A separate Order of judgment will accompany this Opinion.

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: January 23, 2008